ETHEL J. WILLIAMS, Respondent, *v.* LONG ISLAND RAILROAD COMPANY, Appellant.

Argued March 7, 1945; decided June 7, 1945.

*Ralph E. Hemstreet* and *Louis J. Carruthers* for appellant. Plaintiff was a trespasser as a matter of law. The complaint should have been dismissed at the close of the plaintiff's case. There was no proof of negligence, willful or otherwise. (*Heskell* v. *Auburn L. H. & P. Co.*, 209 N. Y. 86.)

*Robert McGowan Smith* and *James S. Brown* for respondent. The plaintiff was not a trespasser as a matter of law. There was proof of negligence. (*Illinois Central R.* v. *Hammer,* 72 Ill. 347; *Grimshaw* v. *Lake Shore & M. S. Ry. Co.*, 205 N. Y. 371; *Barrett* v. *Brooklyn Heights Railroad Co.*, 188 App. Div. 109; *Lombardi* v. *New York State Railways,* 224 App. Div. 438; *Tompkins* v. *Interborough Rapid Transit Co.*, 88 Misc. 20; *Gardner* v. *Central Park, N. & E. R. R. R. Co.*, 218 N. Y. 753; *Futoransky* v. *Nassau Electric R. R. Co.*, 227 N. Y. 638; *Chicago, M. & St. P. Ry. Co.* v. *Harrelson,* 14 F. 2d 893.)

LEHMAN, Ch. J. At the terminus of the defendant's railroad, the plaintiff alighted safely from the train and proceeded along the platform towards the stairs leading to the street level. As she walked along the platform she saw, through the window of a car in front of the car she had left, a copy of a newspaper which her grandson, who accompanied her, wanted to read. The doors of the car were still open and the lights in the car had not been turned off. The plaintiff stepped into the car through one of the open doors. So far as appears there were no passengers in the car, but according to the plaintiff's testimony, the man " who collected the tickets " was there, gathering up newspapers the passengers had left. Without objection from him the plaintiff picked up the paper she had seen and started to leave the car. As she was stepping from the car, the train " gave a lunge " and the plaintiff was thrown down on the platform by the unexpected movement. She recovered judgment for the consequent damages which the Appellate Division affirmed by a divided court.

The defendant railroad company by its contract of carriage assumed an obligation towards the plaintiff to transport the plaintiff carefully to its terminus and to furnish a safe place

for the plaintiff to alight and safe means of egress from the railroad premises. After the railroad company had transported the plaintiff to its terminus and after the plaintiff had alighted safely upon the platform, the railroad company's obligation was only to furnish the plaintiff with a safe means of egress from the station. Her return to the train was for a purpose which had no connection with the defendant's obligations to transport her. The defendant had not invited her to return to the train after the other passengers had left and was under no duty to give her a second opportunity to leave the train safely or to warn her that the train might start suddenly unless it knew or at least had reasonable ground to believe that, without invitation, a passenger who had left the train would return to the train and would expect a warning before the train was backed out of the terminus.

It does not appear that the employee of the railroad company "who collected the tickets" was clothed with authority to invite the plaintiff to return to the train or to sanction her return after the passengers had left, and his failure to object to the plaintiff's presence there, even assuming that he knew that she had returned, did not constitute an invitation or a license which would impose an additional obligation upon the defendant — nor does it appear that he was employed to perform any duty connected with starting or stopping the train. Knowledge by him that the plaintiff was present would not under these circumstances be imputed to the defendant. We find no basis then for a finding that the plaintiff's injuries were caused by the defendant's negligence.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

DYE, J. (dissenting). There was a clear issue of fact in this case properly submitted to the jury. When the plaintiff voluntarily left the station platform where she had a right to be as a passenger and without objection re-entered the defendant's open and lighted car in charge of one of its trainmen, reasonable men might well differ as to whether as a matter of fact, she thereby became a trespasser or a licensee; and when she was injured while stepping from the train to the platform by a sudden movement of the train, the negligence of the defendant and the contributory negligence of the plaintiff also became

issues of fact. We cannot now, under all the circumstances, say as a matter of law that there was no evidence to support the verdict of the jury.

The judgment appealed from should be affirmed, with costs.

LEWIS, DESMOND and THACHER, JJ., concur with LEHMAN, Ch. J.; DYE, J., dissents in opinion in which LOUGHRAN and CONWAY, JJ., concur.

Judgments reversed, etc.